By the Court.
The disposition of the demurrer to the petition depends upon the construction to be given to the will of John Hynton. It is the duty of the court to ascertain the intent of the testator. If the plaintiffs were entitled to any relief under the allegations of the petition, then the demurrer should have beeu overruled ; if not, it was properly sustained. The counsel for plaintiffs in error claim that under the provisions of the will, Elizabeth Hynton, in her own right, took no interest in her husband’s estate; that under the law she was entitled to dower in *533 the lands, to a year’s support, and to a distributive share of the personalty, but as to all the remainder of the estate, she took it as a devisee in trust for the equal and impartial benefit of all the children of herself and her husband, John Hynton. The position of counsel for defendant in error, Elizabeth Hynton, if we understand them correctly, is that under the will she took the entire estate in trust for the children, but that the trust was wholly unlimited aud unrestrained, and gave her unquestioned discretion as to what she should give each child, and when; that it can not now be important whether she took an estate for life or in fee, for in either case there is no relief for the plaintiff so long as the mother lives, and that the court has no power over the trust.
It is not proposed to enter upon length}’ discussion to demonstrate what the testator meant by his will. Instruments of this character are so unlike in their terms, and the circumstances surrounding testators so unlike in their facts, that the decision of one case is not apt to aid in the determination of subsequent cases. It will suffice if we indicate the view this court takes of the rights of the parties to this litigation. We are not able to agree wholly with the construction given the will by the counsel of either of the parties. The will gives the property to the wife for the benefit of the children. She is to have the sole care and management of it, aud may distribute it at any time and in any manner that she may think proper. This implies that she is to take the entire legal estate; otherwise the distribution could not be effectually made. The property described being the property then in existence, with no mention made of increase or profits, and being placed under her sole care aud management, with power to make the distribution at any time she may deem proper, it follows that she may have the use of the property herself, and may delay the distribution during her life, providing she takes any beneficial interest under the will at all. The property was devised for the benefit of all the children. The will does not say in trust for such of the children as the mother *534 may select, but “ in trust for the benefit of mine and her children.” This language, in the absence of words indicating a different meaning, must be held to give them a joint interest in it. Standing alone, the words used would accomplish this result without questiou. Should the clause ' giving power to distribute “ in any manner she may think proper” necessarily be held to diminish or limit the equitable estate given the children ? We think not. The words used are reconcilable with the idea that the testator’s purpose was to give to the wife power to advance to each child, from time to time, from his or her equal share, such sum as might, in the mother’s judgment, be beneficial. To one she might advance means for obtaining an education, to another the means to start in business, and so forth. To construe the will as giving the wife unlimited power of distribution, as to the quantity of the estate each child should have, would be to construe the term “ in any manner ” as if it read “ in any proportion,” which would allow the mother to give to three of the children one dollar each» and all the remainder to the fourth. There is no warrant for such construction.
The cases of Collins v. Carlisle, 7 B. Monroe, 13; Hoey v. Kenny, 25 Barbour, 396, and Freedly’s Appeal, 60 Pa. St. 344, cited by counsel, have been examined. Whatever similarity is presented by these cases to the case at bar is apparent rather than real. They do not control this case, though the doctrine of the first named case, as regards the estate of the widow, applies here. The question is not what was the purpose of some other testator in using language similar, but under different circumstances, at the time of making the will, or of one using identical language, but with it incorporating other language modifying the preceding, and serving to explain his intent, but what was the purpose of this testator in using the language of this will under the circumstances in which it was made?
It is reasonable to infer that the testator intended to dispose of his whole estate, and to provide for all those entitled to his bounty. His “ beloved wife ” was in his mind *535 at the time the will was drawn, as well as their children. Why assume that he intended to provide for them and'not for'her? We think the will should receive such construction as will make provision for all. By electing to take under the will she accepted the benefit conferred by it, and at the same time signified her intention to assume the trust imposed. What was that? Can it be reasonably supposed that this husband intended' to impose upon the wife the burden of a strict, technical trust, thus making her liable, not only for what she should actually make the property earn, but for what she might, with due care, have made it earn ? We think not. Yet, if the construction plaintiffs’ insist upon is correct, that result follows. She is entitled to the use of the property for her own benefit, and is legally responsible only for the original amount, the principal.
The allegations of the petition show that Mrs. Hymton has disregarded the duties imposed by the trust; that she treats not only the rents, income, and profits as her own, but all of the property as well, and claims it as belonging to her absolutely; that she has conveyed away a large portion of it to a son, the defendant, John Hynton, and he has conveyed a portion of that so acquired to the defendant, Richey, and that she is in other ways disposing of the property, and putting it beyond her power to carry out the purpose of this will. Why should these plaintiffs be required to sit by and see their estate thus wasted, and yet be powerless to prevent it ? Such conduct as is here charged is a direct repudiation of the trust, and a court of equity has abundant jurisdiction to enforce the trust by compelling the trusjeeto present a statement in the nature of an inventory showing what property she took, and its value, as by an appraisal, and what has become of it, and to give bond in an adequate sum for the proper discharge of the duties of the trust; and, in the event of neglect or refusal, to appoint a trustee to recover and take charge of the property in the interest of the cestui que trustent, accounting to the widow for the net rents and profits ; also, if John has *536 received more than his proportion, to make such order as will eventually compel a return of the excess.
The case is not governed by section 6202, Revised Statutes, nor are the plaintiffs to be impeded in the lawful pursuit of their rights becausé they ask a construction of the will.
It follows that the judgment of the district court sustaining the demurrer to the petition and rendering judgment for defendants was erroneous.
Judgment reversed, and cause remanded to the circuit court of Cujmhoga county with directions to overrule the demurrer, and for furtlier proceedings.
Minshall, J. dissents.